ABRAHAM RUSSELL & others *vs.* CITY OF NEW BEDFORD.

Under the Rev. Sts. *c.* 24, § 68, 76, an application for a jury to assess damages occasioned by taking land for a town way must be made within one year from the laying out of the way, and not merely one year from the assessment of damages by the selectmen or mayor and aldermen.

When a warrant for a jury to assess damages occasioned by taking land for a town way ·o issued without any order of notice, the objection, that the application for a jury was not made within the time limited by law, may be first made upon the return of the warrant, and before the empanelling of the jury; and if overruled by the presiding officer, is ground for setting aside the verdict, when returned to the court of common pleas.

PETITION to the county commissioners for a jury to assess the damages caused by the laying out of a town way, called Clark's Point Road, over land of the petitioners in New Bedford. The way was laid out on the 13th of June 1853; on the 6th of November 1854, the mayor and aldermen of New Bedford, on application being made to them, awarded to the petitioners the sum of fifty dollars as damages; and this petition for a jury was presented on the 24th of November 1854. On this petition no order of notice was made, and no formal entry of appearance on the docket of the commissioners ; but a warrant was issued, and a jury summoned. At the return of the warrant, before the empanelling of the jury, the respondents protested against any further proceedings, because the application for a jury was made after the time prescribed by law; and after the empanelling of the jury, and before the petitioners offered any evidence,

moved to dismiss the petition, for the same reason. The peti-
tioners admitted the facts above stated; and it was agreed that
no such objection was made before the warrant was issued.
The presiding officer overruled the motion, and, at the request
of the respondents, certified his ruling, with the verdict after-
wards rendered for the petitioners, to the court of common pleas.
The court of common pleas set aside the verdict, and the peti-
tioners appealed to this court.

*T. M. Stetson*, (*T. D. Eliot* with him,) for the petitioners.   1.
The application for a jury was made in season. The Rev.
Sts. *c.* 24, § 76, provide that " any person, aggrieved by the
laying out, or by the alteration or discontinuance of any town
way or private way, or by the assessment of damages in such
case, shall be entitled to have the matter of his complaint deter-
mined by a jury, which may be applied for at any time within
one year after such laying out, alteration or discontinuance."
No person can be " aggrieved by the assessment of damages "
until an award of damages has been made; and the averment
of an insufficient award is indispensable in a petition for a jury.
*Brown* v. *Lowell*, 8 Met. 178.   *Flagg* v. *Worcester*, 8 Cush. 71.
The statute could not have intended to force a party to petition,
when a subsequent award might make the expense useless.
But the award may, at the option of the selectmen, be delayed
a year, and the petitioner's right, on a strict construction of the
statute, thus be taken away by the act of the other party.
Section 76, therefore, taken in connection with § 68, must be
construed to include, in " the laying out," the award, whenever
made; and not to authorize an application for a jury until after
an award.

2. The failure of the mayor and aldermen to make an imme-
diate award cannot be relied on by the city as an award of no
damages, so as to make the year begin to run at once. (1.)
Because the city is estopped to say so, by the subsequent award
which was made. (2.) Because the law does not require mayor
and aldermen, as it does county commissioners, to make a return
of damages with the location. Rev. Sts. *c.* 24, §§ 11, 68. *Sts.*
1842, *c.* 86; 1847, *c.* 259, § 4; 1848, *c.* 98, § 1. *Monagle* v

*County Commissioners*, 8 Cush. 362. *Craigie* v. *Mellen*, 6 Mass. 11. And it would not be proper that the location by the mayor and aldermen, which must go before the common council for acceptance, should contain the award of damages which are assessed by the mayor and aldermen alone. *Brown* v. *Lowell*, 8 Met. 179. If the mayor and aldermen should unreasonably delay to assess the damages, they might be compelled by mandamus to proceed. The only point which appears to have been in contemplation of the court in *Eaton* v. *Framingham*, 6 Cush. 246, was that the petition must be filed, within a proper time, at a court of county commissioners, and not merely at their clerk's office.

3. The question, whether the application for a jury was made in time, was to be decided by the county commissioners, and is not open in this form of proceeding; but the remedy of any party aggrieved is by *certiorari.* *Hinckley, petitioner,* 15 Pick. 447. *Lowell* v. *Hadley*, 8 Met. 192. *Walker* v. *Boston & Maine Railroad*, 3 Cush. 11. *Fitchburg Railroad* v. *Boston & Maine Railroad*, 3 Cush. 78. *Commonwealth* v. *Bluehill Turnpike*, 5 Mass. 420. *Gibbs* v. *County Commissioners*, 19 Pick. 298. *Minot* v. *County Commissioners*, 28 Maine, 121.

4. The objection was taken too late. It should have been made to the county commissioners before they issued the warrant. *Fitchburg Railroad* v. *Boston & Maine Railroad*, 3 Cush. 77. *Field* v. *Vermont & Massachusetts Railroad*, 4 Cush. 151. *Meacham* v. *Fitchburg Railroad*, 4 Cush. 296. *Flagg* v. *Worcester*, 8 Cush. 71.

*W. W. Crapo*, for the respondents.

SHAW, C. J. This case comes before this court by way of appeal from a judgment of the court of common pleas, setting aside the verdict of a sheriff's jury, assessing damages occasioned by taking land for a town way. The ground of the objection to the verdict, taken before the court of common pleas, and insisted on now, is, that the application to the commissioners for a jury was made too late, being more than one year from the time of the laying out of the road.

There is nothing, we believe, in the charter of the city of

New Bedford, *St.* 1847, *c.* 60, which affects this question; there is the usual proviso, that all the powers before vested in select-men shall be vested in the mayor and aldermen, § 8; and that the city council shall have the same power in relation to ways that selectmen and inhabitants of towns now have; but all petitions, &c., are to be first acted on by the mayor and alder-men, § 12.

By the Rev. Sts. *c.* 24, §§ 66, 69, selectmen are to lay out town ways, subject to be accepted and allowed at a public meeting of the inhabitants; notice to be first given by the select-men to all the owners of land over which the way is proposed to be laid.

This laying out of a town way is distinguishable from the case where damages are allowed to an adjacent proprietor, on account of change of grade, as in *Brown* v. *Lowell*, 8 Met. 172, and *Flagg* v. *Worcester*, 8 Cush. 69; or change of one kind of road for another, as in *Monagle* v. *County Commissioners*, 8 Cush. 360. In those cases, damages to individuals are only occasional and exceptional.

But in laying out a new road, whether private or town way, the selectmen necessarily name the individuals over whose land the way passes, as commissioners do in case of laying out a highway; and, in naming such individuals, they annex the dam-ages to be awarded to each respectively, or, by the omission of any sum in the column of damages, indicate that none are due. *White* v. *County Commissioners*, 2 Cush. 361. The assessment of damages in these cases is therefore part of the laying out of the selectmen, and of their notice to the town, and embraced in their acceptance and confirmation. The time of limitation of one year, within which an application must be made by the party aggrieved for a jury to ascertain his damages, is to be computed, according to the words of the statute, as one year from "the laying out." *Eaton* v. *Framingham*, 6 Cush. 245. *Bennett* v. *County Commissioners*, 4 Gray, 359.

But it is objected, that whether the petition was presented within the time limited by law was a proper question for the county commissioners; that it is not open on a return of the

verdict; and that if the county commissioners decided any material question contrary to law, it is open to inquiry and reversal on *certiorari*, and is not examinable here.

This objection we should regard as one of great weight, and perhaps quite decisive, if no satisfactory answer could be made to it. The court think it of great importance, that if the proceedings of the court of county commissioners are illegal or irregular, the party shall take his exception to them at once, and proceed by proper process and have them reversed; and one obvious reason is, that parties may not be compelled to go through a laborious and expensive trial before a sheriff's jury, upon erroneous proceedings which may be afterwards set aside.

Under the circumstances of this case, it appears to us that this objection, taken upon the first legal appearance of the respondents upon the summons before the sheriff's jury, was seasonable; that the same was presented, and with the verdict brought before the court of common pleas, and by appeal to this court. The county commissioners had no jurisdiction of this petition filed half a year after the time had expired, allowed by law for filing such application. No order of notice was issued, and no notice in fact given, and no right, therefore, was waived by the respondents in not taking their objection before the commissioners.

*Judgment of the court of common pleas, disallowing the verdict, affirmed, and petition dismissed.*